IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

SEP 24 2015

Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| WENDELL PLENTYHAWK,<br><br>Plaintiff,<br><br>vs.<br><br>MANSOOR SHEIKH, M.D.,<br>FREDERICK FERGUSON, M.D.,<br>UNITED STATES OF AMERICA,<br>and SOLIANT PHYSICIAN<br>STAFFING, LLC,<br><br>Defendant. | CV 14-44-BLG-SPW<br><br>OPINION and ORDER |

Before the Court is Plaintiff Wendell Plentyhawk's Motion to Quash a proposed subpoena issued by Defendants Mansoor Sheikh, Frederick Ferguson, and Soliant Physician Staffing (collectively "Defendants"). For the reasons discussed below, the Court denies the motion.

## I. Background

Plentyhawk alleges that the Defendants were negligent and caused him serious injury by deviating from the applicable medical standard of care. (*See* Doc. 27). He claims that the Defendants' negligent conduct occurred from July 13, 2012, to July 30, 2012. (*Id.* at 4-5). Plentyhawk claims that the Defendants'

1

negligence caused him to be totally disabled and no further recovery is likely. (*Id.* at 8).

Plentyhawk produced his medical bills and sources of payment to the Defendants in discovery. (Doc. 36-1).The Defendants learned that Plentyhawk filed a claim for Social Security Disability Insurance benefits as a result of his injuries. (Doc. 38-1 at 3). Plentyhawk also became Medicare eligible in December of 2014. (*Id.*).

On August 17, 2015, the Defendants filed a Notice of Commanded Production of Documents ("Notice"). (Doc. 32). The Notice, filed pursuant to Fed. R. Civ. P. 45(a)(4), notified Plentyhawk that the Defendants would issue a subpoena duces tecum that would command the U.S. Department of Health and Human Services to produce documents concerning Plentyhawk. (*Id.* at 2). Specifically, the Defendants would request:

> A. Copies of any the Medicare claims history listing all items for which a Medicare benefit has been claimed by **Wendell G. Plentyhawk** from 01/01/2012 to the present day;
>
> B. Copies of all billing statements from **Wendell G. Plentyhawk's** medical providers for dates of service 1/1/2012 to the present;
>
> C. Copies of all correspondence pertaining to **Wendell G. Plentyhawk**;
>
> D. Copies of all reports, summaries, memoranda, notes, or other documentation of any kind produced for or pertaining to **Wendell G. Plentyhawk**;

2

> E. Copies of all reports, summaries, memoranda, notes or other documentation showing the basis for **Wendell G. Plentyhawk's** Medicare benefits;
>
> F. Copies of all reports, summaries, memoranda, notes or other documentation showing what benefits **Wendell G. Plentyhawk** is eligible for going forward, including for medical or healthcare.

(*Id.* at 2-3) (emphasis in original). The Notice stated that the Defendants would serve the subpoena within 14 days unless Plentyhawk objected. (*Id.* at 4). Plentyhawk filed the instant Motion to Quash on August 24, 2015. (Doc. 35).

## II. Analysis

Plentyhawk advances three arguments in support of his motion. First, Plentyhawk argues that the Medicare payments are a collateral source that is inadmissible at trial and irrelevant to Plentyhawk's negligence claims. Second, Plentyhawk argues that the proposed subpoena is redundant and moot as Plentyhawk has already provided information related to his Medicare payments. Third, Plentyhawk argues that the information is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and Montana law. The Court will address each argument separately.

### A. Collateral Source

Under Montana law, a "jury shall determine its award without consideration of any collateral sources." Mont. Code Ann. § 27-1-308(3). Amounts contributed by collateral sources, such as Medicare, are to be deducted from the jury award by

3

the trial court after the verdict. *Id.*; *see also Meek v. Montana Eighth Judicial Dist. Court*, 349 P.3d 493, 497 (Mont. 2015). However, discoverable information "need not be admissible at the trial." Fed. R. Civ. P. 26(b)(1). Instead, the discovery needs to be relevant to any party's claim or defense. *Id.*

Although the Medicare information sought by the Defendants may be inadmissible at trial, the Court finds that it is still discoverable. The information described in the Notice goes directly to the amount of damages that ultimately could be rewarded to Plentyhawk. The Medicare information will need to be submitted to the Court after the jury renders a verdict.

Plentyhawk also challenges the Notice as "untimely," presumably because the information only becomes relevant after trial. However, it would not make sense to require the Defendants to wait until after the trial's conclusion to seek the information. Defendants may issue the subpoena and submit the Medicare information to the Court only if it becomes relevant. In addition, the Medicare information could help the Defendants value the case for settlement discussions.

B. Redundant and Moot

Plentyhawk has already produced a spreadsheet to the Defendants detailing the sources of payments for his medical bills. (Doc. 36-1). Plentyhawk claims that the subpoenaed information is redundant to the information already provided to the

Defendants in discovery. The Court disagrees with this argument for several reasons.

First, the Court notes that Plentyhawk will not suffer undue burden as a result of the subpoena. The Defendants are requesting information from the federal government, not Plentyhawk. The subpoena's issuance will not force Plentyhawk to produce anything. Second, the Federal Rules of Civil Procedure do not prohibit the Defendants from seeking confirmation or clarification of Medicare payments claimed by Plentyhawk. Third, Plentyhawk has produced the sources of payments for his medical bills. In their proposed subpoena, the Defendants seek more information. The Defendants request the production of various documents associated with the Medicare benefits received by Plentyhawk. As far as the Court can tell, Plentyhawk has not produced those types of supporting documents. The Defendants' proposed subpoena would not overly burden Plentyhawk and it would not be unfairly redundant to the discovery already produced.

## C. Privacy Rights

Plentyhawk's last argument is that the proposed subpoena would violate his right of privacy in his medical information. Plentyhawk makes arguments under both HIPAA and Montana law. The Court disagrees with both arguments.

First, Plentyhawk argues that the requested information is "protected health information" under HIPAA and there are no provisions for its disclosure. However, federal law provides:

> A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:...
>
> ...(ii) In response to a *subpoena*, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1) (emphasis added). Since federal regulation specifically provides for the disclosure of protected health information pursuant to a subpoena issued in the course of a judicial proceeding, HIPAA does not prohibit the Defendants' request.

Second, Plentyhawk argues that Montana law prohibits the Defendants' acquisition of his Medicare information. In Montana, "[m]edical records are

private and deserve the utmost constitutional protection." *Henricksen v. State*, 84 P.3d 38, 48 (Mont. 2004). When a party claims damages for a physical injury, he waives that right of confidentiality as to the claimed damages. *Id.* However, a defendant cannot explore "totally unrelated or irrelevant matters." *State ex rel. Mapes v. Dist. Court of Eighth Judicial Dist. In & For Cnty. of Cascade*, 822 P.2d 91, 95 (1991).

Plentyhawk alleges that he is "totally disabled" and "no further recovery of his neurological function is likely." (Doc. 27 at 8). Plentyhawk is seeking damages related to medical care he will be receiving the rest of his life. (Doc. 19 at 8). In their proposed subpoena, the Defendants seek, in part, "[c]opies of all reports, summaries, memoranda, notes or other documentation showing what benefits **Wendell G. Plentyhawk** is eligible for going forward, including for medical or healthcare." (Doc. 32 at 2-3). Since Plentyhawk has put his future healthcare at issue, he has waived his right to confidentiality in medical documents related to future Medicare benefits.

## III. Conclusion

The Court does not find a legal basis to prohibit the Defendants from serving the subpoena and obtaining the requested information. Accordingly, IT IS HEREBY ORDERED that Plentyhawk's Motion to Quash Defendants Soliant

Ferguson & Sheikh's Commanded Production of Medicare Documents (Doc. 35) is

DENIED.

DATED this 24th day of September, 2015.

/s/ Susan P. Watters
SUSAN P. WATTERS
United States District Judge